IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BOBBY KELLY | § | |
| TDCJ-CID #626124 | § | |
| v. | § | C.A. NO. C-09-280 |
| | § | |
| ERNEST GUTIERREZ, ET AL. | § | |

### OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, SUBJECT TO SANCTIONS

Pending is plaintiff's motion for leave to proceed *in forma pauperis* pursuant to the imminent danger exception of 28 U.S.C. § 1915(g).  (D.E. 2).  Although plaintiff is a three-strikes litigant, he claims that his life is in danger because he has been repeatedly attacked by prison staff and various prison gangs and prison officials have denied his request for protection, such that he should be allowed to proceed *in forma pauperis*.  For the reasons stated herein, plaintiff's motion for leave to proceed *in forma pauperis* is GRANTED.

### I.  BACKGROUND

Plaintiff is a Texas state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas.  He filed his civil rights complaint on October 15, 2009, requesting injunctive relief and an immediate transfer from the McConnell Unit on the grounds that his life is in danger.  (D.E. 1).  He asserts that he has filed numerous life endangerment complaints since April 2009 based on attacks by prison gang members.  Id. at 4, 7.  He also alleges that he has repeatedly been attacked by correctional officers while in handcuffs resulting in lacerations to his wrists and a fractured finger.  Id. at 8.  He claims that he has "received death threats from correctional officers and inmates" because he was labeled as an informant.  Id.

## II.  THREE STRIKES RULE

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule.  28 U.S.C. § 1915(g).  The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*.  28 U.S.C. § 1915(g); Baños v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996).  The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee.  Baños, 144 F.3d at 884-85.

The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate."  Ciarpaglini v. Saini, 325 F.3d 328, 330 (7th Cir. 2003) (citation omitted).  Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing."  Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted).  In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred.  Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

## III.  ANALYSIS

In seeking leave to proceed under the threat of imminent physical injury exception, plaintiff effectively concedes that he is a three strikes litigant.  Indeed, plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which

relief can be granted.  See, e.g., Kelly v. Curry, 250 F.3d 740, 2001 WL 274452 (5th Cir. Feb.

14, 2001) (per curiam) (unpublished) (this appeal counts as a strike for purposes of § 1915(g));

Kelly v. Linthicum, et al., 4:00cv973 (S.D. Tex. Nov. 13, 2000) (this action counts as a strike for

purposes of § 1915(g)); Kelly v. Thompson, et al., 1:01cv070 (E.D. Tex. June 14, 2001) (this

action counts as a strike for purposes of § 1915(g)); Kelly v. Sherman, et al., 1:00cv651 (E.D.

Tex. Aug. 8, 2001) (this action counts as a strike for purposes of § 1915(g)); Kelly v. Thompson,

et al., 1:00cv812 (E.D. Tex. Aug. 29, 2001) (this action counts as a strike for purposes of

§ 1915(g)); Kelly v. Owens, et al., 6:07cv131 (W.D. Tex. July 26, 2007) (plaintiff barred from

proceeding in forma pauperis and sanctioned $25); and Kelly v. Mendoza, et al., 2:08cv295

(S.D. Tex. Oct. 3, 2008) (action dismissed pursuant to the three strikes rule).  Plaintiff is thus

barred from filing a civil rights suit unless he is in imminent danger of physical injury.

In this case, plaintiff complains that he was assaulted by both correctional officers and

prison gang members, resulting in various injuries.  Moreover, he asserts that he has complained

to various prison officials seeking a transfer to a different prison unit, but has been ignored or

had his requests rejected.

Plaintiff's allegations are sufficient to establish imminent danger for purposes of

§ 1915(g).  Accordingly, plaintiff's application to proceed in forma pauperis, (D.E. 2), is

GRANTED, and a separate collection order will be entered, allowing plaintiff to pay the full

$350.00 filing fee over time.

Plaintiff is cautioned that should his allegations of imminent danger have no basis in fact, he will be subject to monetary or other sanctions as deemed necessary.

ORDERED this 21st day of October 2009.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE